CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

GALEN A. PHILLIPS (CABN 307644)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7110
Email: Galen.Phillips@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA NAJARRO,<br><br>Defendant. | Case No. 3:24CR382TLT<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date: November 21, 2025<br>Hearing Time: 9:00 a.m.<br>Courtroom: Courtroom 9 - 19th Floor<br><br>Hon. Trina L. Thompson |

The defendant Jessica Najarro is scheduled to be sentenced on November 21, 2025. She entered a guilty plea to Count Four of the Indictment pursuant to a Plea Agreement on February 21, 2025. Dkt. 52 & 53. Count Four is a money laundering charge related to the proceeds of a mail- and wire-fraud scheme in which the defendant Najarro participated.

For the reasons set forth below, the United States joins the Probation Office in its recommendation and requests that the Court sentence the defendant Najarro to a time-served custodial sentence and impose a two-year term of supervised release. While the government agrees Najarro should be ordered to pay the $100 special assessment, it does not believe forfeiture, restitution, or a fine are necessary in this case.

## I. OFFENSE CONDUCT

The government agrees with Probation's description of the offense conduct. In short, Najarro participated in a scheme to defraud Liberty Mutual concerning a fraudulent claim submitted in her name for an alleged accident involving a 2018 Subaru Outback. PSR ¶¶ 10–14. Najarro acted at the direction of Jose Badillo throughout the scheme to defraud.

## II. GUIDELINES CALCULATION

The Parties are in agreement about the Guidelines Calculation. The applicable provision for the money laundering offense is U.S.S.G. § 2S1.1, which cross references U.S.S.G. § 2B1.1 in determining the base offense level, which provides for a base offense level of six. *See* §§ 2S1.1(a)(1) and 2B1.1(a)(2). Based the net loss resulting from the scheme to defraud is more than $15,000 and no more than $40,000, the offense level should be increased by four levels. *See* § 2B1.1(b)(1)(C). The adjusted offense level of 10 from Section 2B1.1 should then be used to calculate the base offense level in U.S.S.G. § 2S1.1(a)(1). Because the money laundering conviction is under 18 U.S.C. § 1957, one additional point is added, for a total offense level of 11. U.S.S.G. § 2S1.1(b)(2). Two points are subtracted for acceptance of responsibility and an additional two points are subtracted because the defendant is a "zero-point" offender. Accordingly, the final offense level is seven (PSR, ¶ 7), and the advisory Guidelines range is zero to six months (Zone A).

## III. SENTENCING RECOMMENDATION

The overarching goal of a sentencing court is to impose a sentence that is sufficient to "reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed education or vocational training, medical care, or other correctional treatment." *United States v. Ressam*, 679 F.3d 1069, 1088-89 (9th Cir. 2012) (en banc) (quotation omitted); 18 U.S.C. § 3553(a)(2). The Court should begin the sentencing process by correctly calculating the applicable Guidelines range and must "remain cognizant of them throughout the sentencing process." *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007). The Court should then consider the factors outlined in 18 U.S.C. § 3553(a) to determine the appropriate sentence. *Ressam*, 679 F.3d at 1089. If the Court determines that a sentence outside of the Guidelines range is warranted, it must ensure that the ''justification is sufficiently compelling to support

the degree of the variance." *Id.* (quotation omitted). "[A] major departure should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50.

The factors the Court should consider in determining the appropriate sentence include:

- The nature and circumstances of the offense, and the history and characteristics of the defendant;
- The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant;
- The kinds of sentence and the sentencing range established in the Guidelines;
- Any pertinent policy statement by the Sentencing Commission;
- The need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and
- The need to provide restitution to any victims.

18 U.S.C. § 3553(a).

Based on a consideration of these factors, the United States submits that a time-served sentence is sufficient, but not greater than necessary, to comply with the factors set out above.

As an initial matter, the fraud scheme in this case was serious and part of a larger scheme that involved numerous other fraudulent claims and claimants orchestrated by Jose Badillo. Although the defendant played a small part in the overall scheme, her actions served to advance the scheme and resulted in losses to Liberty Mutual of $34,037.48. PSR, ¶ 13.

Second, despite the serious nature of the conduct and Najarro's knowing participation in the fraud, she accepted responsibility relatively early on for her conduct, did not file any pretrial motions, raised good questions (through counsel) about the strength of some of the government's allegations, and is in agreement with the United States regarding the accurate calculation of the Guidelines. She is a dutiful mother committed to caring for her son. As reflected by the fact that the defendant is a zero-point offender, this is her first conviction.

For these reasons and for the reasons reflected in the "Offender Characteristics" section of the PSR, the government hopes that the fact of this prosecution will deter her from engaging in similar conduct in the future, without the need to impose additional custody time.

Finally, although the government generally believes that imposing prison sentences in "white collar" cases promotes respect for the law and provides for general deterrence, the other factors in this case (including the defendant's minor role in the overall scheme, the absence of any pretrial violations, and her background and characteristics) warrant a time-served sentence.

## IV. RESTITUTION

Because Najarro did not receive any apparent financial gain from the offense, the government recommends that she not be ordered to pay restitution.

The government expects that Badillo, Najarro's codefendant, will be ordered to pay the full amount of the victim's loss in this case at his sentencing before this Court on February 13, 2026.

## V. VICTIM ISSUES

Liberty Mutual has been notified of the pending sentencing but has not submitted a victim impact statement. The government will advise the Court in advance of the sentencing hearing if it learns that any Liberty Mutual representative will attend the hearing or wishes to address the Court.

## VI. CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court sentence the defendant Jessica Najarro to a time-served sentence and order that she serve a two-year term of supervised release, with all of the conditions recommended by the Probation Office in the PSR. The Court also should order Najarro to pay a $100 special assessment.

DATED: November 14, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
GALEN A. PHILLIPS
Assistant United States Attorney